Filed 3/20/23  P. v. Marquez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FELIX MARQUEZ,<br><br>Defendant and Appellant. | F083366<br><br>(Super. Ct. No. DF013517A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David Wolf and Charles R. Brehmer, Judges.[‡]

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jessica C. Leal, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Meehan, J. and Snauffer, J.

[‡] Judge Wolf ruled on the discovery issue; Judge Brehmer pronounced judgment.

Defendant Felix Marquez appeals a judgment of conviction following a plea. He requests that this court independently review the prosecution's assertion of an evidentiary privilege relating to discovery withheld from the defense. We find no error in this regard and affirm the judgment. However, we order the abstract of judgment be amended to correct an error.

## FACTS

We draw the facts below from the preliminary hearing transcript.

Around 10:00 a.m. one October morning, a correctional officer at Kern Valley State Prison saw inmate Michael Santos striking another inmate, X, who was pinned up against a wall.[1] Marquez joined in at about one minute into the attack. Santos and Marquez were described as using stabbing motions. X was not fighting back and eventually slumped down against the wall. He was stabbed many times in his head and torso, suffering a collapsed lung, among other injuries. He was transported to a hospital for medical attention. Fortunately, X survived this brutal attack.

A district attorney's office investigator interviewed X eleven months after the attack. X claimed to be a validated member of the Mexican Mafia who was trying to drop out of the gang so that he could be placed on a "sensitive needs yard." X was seeking to debrief,[2] and to that end he had provided information to the California Department of Corrections and Rehabilitation, but officials could not corroborate any of the information he had provided.

---

[1] We refer to the victim as "X" to protect his identity.

[2] Debriefing is the process by which a Security Threat Group (STG) coordinator or investigator determines whether an offender (subject) has dropped out of a STG. A subject shall be debriefed only upon his or her request, although staff may ask a subject if he or she wants to debrief. The Debrief Process may include a two-step process that consists of an interview phase (Phase I) and an observation phase (Phase II). (Cal. Code Regs., tit. 15, § 3378.5.)

He told the investigator his attack was "greenlighted" by a member of the Mexican Mafia as punishment for his having lost a cell phone that had been used by the gang to conduct illegal narcotics transactions. The investigator noted that X changed his story during the interview; he claimed that he was "falsely 'greenlighted,' " based on lies he told the Mexican Mafia member about the quantity of drugs he was bringing into the prison.

## PROCEDURAL HISTORY

On April 12, 2019, the Kern County District Attorney filed an information charging Marquez with aggravated assault by a life prisoner (Pen. Code, § 4500;[3] count 1) and assault with a deadly weapon, while in prison (§ 4501, subd. (a); count 2). It was further alleged, as to each count, that Marquez caused great bodily injury (§ 12022.7, subd. (a)); that he had committed an offense resulting in a felony conviction within five years of his release from prison (§ 667.5, subd. (b)); that he had suffered five prior felony convictions within the meaning of the Three Strikes Law (§§ 667, subds. (a), (c)—(j), 1170.12, subd. (a)—(e)); and that he had suffered two prior serious felony convictions (§ 667, subd. (a)).

On October 22, 2018,[4] the district attorney moved to restrict release of the audio recording of X's interview with the district attorney investigator and of the interview transcript. The district attorney claimed this evidence was privileged under Evidence Code section 1040. The district attorney did not give any notice to the defense of this motion before the hearing.

The trial court reviewed the audio recording and transcript of the interview at an in camera hearing on November 20, 2018. The district attorney investigator was sworn and testified at the hearing. After the hearing, the trial court ordered that the audio recording

---

[3] Unlabeled statutory references are to the Penal Code.

[4] This was before the information was filed.

and transcript be turned over to the defense, but with parts of both redacted. The district attorney provided this discovery to the defense, along with the investigator's two-page summary of the interview.

Marquez's preliminary hearing took place on April 9, 2019, where he was held to answer on both charged counts. The information was filed three days later. On April 29, 2019, Marquez moved to reveal X's entire, unredacted interview with the district attorney investigator. He queried whether exculpatory evidence may have been redacted from the materials he had been given. The district attorney responded to the motion, agreeing that the trial court should conduct another in camera review of the withheld information to determine whether it should be disclosed to the defense. The court conducted another in camera hearing on July 12, 2019, where the district attorney investigator was again sworn and testified. The trial court determined after the hearing that Evidence Code section 1040 applied to the withheld information and ordered that the material not be disclosed to the defense.

Marquez later moved to dismiss the charges against him based on prosecutorial misconduct, claiming that the district attorney's ex parte motion constituted a prohibited ex parte communication with the court about ongoing litigation. The district attorney opposed the motion and the trial court denied the motion after hearing argument.

Marquez eventually pleaded no contest to count 2 and admitted three strike priors, though the trial court struck two of the strike convictions for sentencing purposes under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. Count 1 and the rest of the enhancement allegations were dismissed as part of the plea agreement. The court sentenced Marquez to four years, doubled to eight years because of the prior strike, and imposed various fines and fees.

Marquez obtained a certificate of probable cause and filed a notice of appeal.

**DISCUSSION**

## I.    Evidentiary privilege

Marquez requests that we review X's interview with the district attorney investigator and the transcripts of the two in camera hearings to determine whether the trial court abused its discretion in upholding the prosecution's claim of evidentiary privilege under Evidence Code section 1040. The People do not oppose Marquez's request.

Under *Brady v. Maryland* (1963) 373 U.S. 83, the prosecution must disclose to the defense any information favorable to defendant, and material to guilt or punishment. (*Id.* at p. 87.) Section 1054.1 requires disclosure by the prosecution of "[t]he names and addresses of persons the prosecutor intends to call as witnesses at trial" (*id.*, subd. (a)), "[s]tatements of all defendants" (*id.*, subd. (b)), "[r]elevant written or recorded statements of witnesses or reports of the statements of witnesses whom the prosecutor intends to call at the trial" (*id.*, subd. (f)), and "[a]ny exculpatory evidence" (*id.*, subd. (e)). However, "materials or information ... which are privileged pursuant to an express statutory provision, or are privileged as provided by the Constitution of the United States" are exempt from disclosure by section 1054.6.

The prosecution may withhold evidence where the necessity for confidentiality "outweighs the necessity for disclosure in the interest of justice." (Evid. Code, § 1040, subd. (b)(2).) For example, the government may limit the disclosure of information to a defendant who was identified through a wiretap, on a showing of good cause, such as danger to a witness or the potential of compromising other investigations. (§§ 629.70, subd. (d), 1054.7; *People v. Sedillo* (2015) 235 Cal.App.4th 1037, 1054.)

The government's claims of privilege may be tested by the trial court in an ex parte in camera proceeding. (Evid. Code, § 915, subd. (b).) The trial court's discovery rulings are reviewed for an abuse of discretion. (*People v. Suff* (2014) 58 Cal.4th 1013, 1059.)

The transcript of X's interview with the district attorney investigator which the trial court reviewed at the two in camera hearings, as well as the transcripts of those hearings, were transmitted to this court under seal. We have reviewed these transcripts and conclude that the district attorney investigator was properly sworn and that the record is sufficient for our review. We further conclude the record reveals no abuse of discretion or violation of Marquez's due process rights by the trial court.

## II. Abstract of judgment

Marquez's abstract of judgment incorrectly states that he pleaded no contest to count 1, a violation of section 4500. However, it correctly states he was sentenced to eight years. The abstract of judgment must be corrected to reflect that he pleaded no contest to count 2, a violation of section 4501, subdivision (a).

## DISPOSITION

The judgment is affirmed. The superior court clerk is ordered to amend Marquez's abstract of judgment to reflect he pleaded no contest to count 2, a violation of Penal Code section 4501, subdivision (a), and to forward certified copies of the amended abstract of judgment to the appropriate entities.